IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| G & G BLACK RANCH, LLC, and GLEN BLACK, an individual<br><br>Plaintiffs,<br>v.<br><br>SUMMIT COUNTY, and COALVILLE CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00816<br><br>District Judge Dale A. Kimball |

Before the court is G & G Black Ranch LLC, and Glen Black's (Collectively "Plaintiffs") Motion to Amend Complaint and Motion to Remand. (Dkt. No. 25). Having reviewed the parties' briefs and applicable law, the court GRANTS the Plaintiffs' motion in its entirety.

## BACKGROUND

In this lawsuit, Plaintiff alleges that the Defendants violated both the Utah and Federal Constitution, as well as breached a duty of care, when the city issued a temporary business license to a traveling circus that constructed carnival like structures adjacent to the Plaintiffs' mink farm. Plaintiffs allege that the lights and sounds from the carnival caused the Plaintiffs' minks to suffer miscarriages and still births resulting in damages of $224,190.

This case was originally filed in the Third District Court in Summit County on June 26, 2017. On July 18, 2017, the Defendants removed this action to federal court on the basis of federal question jurisdiction. This case was properly removed because the Plaintiff asserted a claim under the Takings Clause of the United States Constitution.

1

On November 20, 2017, Plaintiffs filed this motion seeking to amend their complaint to remove the Federal Constitutional claim, and also asks the court to remand this case to state court.

## DISCUSSION

1. <u>Plaintiff's Motion to Amend Is Granted.</u>

Defendants assert that the Plaintiffs' attempt to amend the complaint is futile because the case should be dismissed notwithstanding the proposed amendments. The grant or denial of leave to amend a complaint under Fed. R. Civ. P. 15(a) is a matter within the discretion of the trial court. Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing party. *Castleglen, Inc., et al. v. R.T.C.,* 984 F.2d 1571 (10th Cir. 1993).

Here, it cannot be said that the Plaintiffs' amendment would be futile. This case is still in its early stages and the court has yet to make any dispositive rulings. The Defendants have not shown that they would be prejudiced by allowing the Plaintiffs to remove their federal claim. The court therefore GRANTS plaintiffs' request to amend their complaint to remove its federal claim.

2. <u>The Court Declines to Exercise Supplemental Jurisdiction.</u>

The normal procedure after granting a request to amend a complaint would be for the Plaintiffs to file the amended complaint, after which the Court would determine whether to retain jurisdiction of the state law claims or to remand the case. However, in the interest of judicial economy, the Court finds no reason to postpone the inevitable. Based on the allegations in the proposed complaint (Dkt. No. 25), the court hereby considers the Federal Constitutional claim to

be voluntarily dismissed by Plaintiff, which leaves only state law claims to be litigated in this lawsuit.

The remaining question is whether the court should exercise its discretion under 28 U.S.C. § 1367 to retain supplemental jurisdiction over this lawsuit (based on the amended complaint), or to remand the case. "When the balance of [judicial efficiency, convenience, fairness, and comity]… indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ., v. Cohill,* 484 U.S. 343, 347 (1988) (elaborating on its holding in *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966)). The Supreme Court later determined that dismissing a case without prejudice is not the only method for a district court to decline to exercise supplemental jurisdiction. *Id*. at 351. Remanding a case back to state court may better serve the values of judicial efficiency. *Id.*

Because the Plaintiffs voluntarily removed their federal cause of action early in this case, and because the court has not made any dispositive rulings on the state claims, the court finds that it is appropriate to remand this case back to the Third District Court in Summit County.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion to Amend Complaint and Motion to Remand (Dkt. No. 25) is GRANTED.

Dated this 12th day of December, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge